**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Javier ORTEGA–ENNS, true
name Javier Enns Ortega,
Defendant–Appellant.**

**No. 00–6497.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Javier Ortega–Enns (real name Javier Enns Ortega), represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, a jury convicted Ortega of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846, and use of a telephone to facilitate the distribution of marijuana in violation of 21 U.S.C. § 843(b). The district court sentenced him to a total of 30 months of imprisonment.

Ortega has filed a timely appeal, essentially arguing that the district court improperly permitted the jury to consider his potential sentence in reaching its verdict because the court: 1) instructed the jury as to the statutory maximum faced by a co-defendant (Santana); and 2) permitted another co-defendant's (Salas) attorney to testify concerning the co-defendant's statutory maximum sentence.

Upon review, we conclude that the district court did not improperly permit the jury to consider Ortega's potential sentence in reaching its verdict. First, the district court did not abuse its discretion when it instructed the jury as to Ortega's co-defendant's statutory maximum sentence. *United States v. Prince*, 214 F.3d 740, 761 (6th Cir.2000). When a jury has no sentencing function it should be admonished to reach its verdict without regard to what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994); *United States v. Stotts*, 176 F.3d 880, 886 (6th Cir.1999); *United States v. Chesney*, 86 F.3d 564, 574 (6th Cir.1996). However, the record in this case reflects that, after a co-defendant's (Martinez) attorney had incorrectly suggested that Santana was facing a statutory maximum of life imprisonment, the district court instructed the jury that the co-defendant would be subject to no more than a five-year statutory maximum. Moreover, the record clearly reflects that the district court only instructed the jury as to the co-defendant's statutory maximum, not Ortega's. The district court's jury instructions, including those instructions concerning the co-defendant's statutory maximum sentence, fairly and adequately submitted the issues and applicable law to the jury, particularly because Martinez's counsel had made the co-defendant's statutory maximum sentence an issue in the case. *United States v. Alvarez*, 266 F.3d 587, 594 (6th Cir.2001).

Second, the record clearly reflects that the district court did not improperly permit the jury to consider testimony from his co-defendant's attorney concerning the statutory maximum sentence. Although Ortega correctly argues that the trial court permitted the government to ask the attorney questions concerning the statutory maximum, the questions were asked outside the hearing of the jury. After Ortega objected to the questioning, the court excused the jury, and the jury was not returned to the courtroom until after a voir dire of the attorney had occurred.

Accordingly, we affirm the judgment of conviction and sentence.